**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

BRYAN RAMER,                          )
                                      )
                Plaintiff,            )
v.                                    )          Case No. 16-CV-754-JED-FHM
                                      )
CECIL L. CRAIN,                       )
DONALD F. DOERR,                      )
DAN TATTERSON, and                    )
AIR COMFORT,                          )
                                      )
                Defendants.           )

## OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss (Doc. 4). Defendants argue that Plaintiff's complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons set out below, Defendants' motion to dismiss is hereby granted.

## I.    Background

Plaintiff Bryan Ramer, who proceeds pro se, brought this action after his employer, Defendant Air Comfort, Inc., fired him from his job as a journeyman HVAC service technician in October 2015. The allegations put forth in his complaint can be summarized as follows[1]:

---

[1] Prior to filing this action, Mr. Ramer filed a charge of discrimination with the Equal Employment Opportunity Commission. The EEOC charge, a copy of which is attached as an exhibit to his complaint, alleged Air Comfort engaged in discrimination based on age and retaliation. (Doc. 1 at 7). The EEOC closed its file on September 19, 2016, stating that information obtained during its investigation was insufficient to establish a violation. *Id.* at 6. The Court treats the allegations made in his EEOC charge as part of his complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.").

Air Comfort, an HVAC service company, hired Mr. Ramer as a technician in 2007, and he worked diligently over the next several years, leading to two pay raises. Then, in 2013, Air Comfort ran into financial trouble and, according to Mr. Ramer's complaint, started "defrauding customers when the opportunity presented itself." Defendant Donald Doerr, Air Comfort's service manager, "pressured" Mr. Ramer to "be part of it," but Mr. Ramer "continually refused," leading to "a constant battle between Ramer and Doerr." (Doc. 1 at 2).

In 2015, Mr. Ramer suffered a hip injury that required surgery, which he underwent in June of that year, defraying the cost via a substantial claim on Air Comfort's group insurance policy. (Doc. 1 at 3, 9). He returned to work in September of that year but was fired shortly thereafter. Management told Mr. Ramer that he was being terminated for harassing female customers while on service calls, an accusation that he denied. (Doc 1 at 9–10). Mr. Ramer asked to see documentation of the complaints but was refused (Doc. 1 at 7). He was 57-years old at the time.

Mr. Ramer accuses Air Comfort of fabricating the customer complaints as a pretext for firing him. (Doc. 1 at 2, 4). Air Comfort really fired him, he claims, because it wanted to get rid of an employee whose honesty was getting in the way of its fraudulent business practices and because he was older and the company wanted to reduce its insurance costs. (Doc. 1 at 2–3). Mr. Ramer's complaint further alleges that Air Comfort's management "maliciously" publicized the grounds for his firing by "leaking their fabricated story out where it could be repeated in the parts houses" and "spreading the story among his peers and friends in the hvac trade." (Doc. 1 at 4). In doing so, the company hampered his ability to find work and generally damaged his reputation, he claims.

## II.    Legal Standards

The Federal Rules of Civil Procedure require a plaintiff to include in his complaint "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Defendants argue that he has failed to meet this burden and move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Court's function on a Rule 12(b)(6) motion is not to weigh the evidence that the parties might present at trial, but to assess whether the plaintiff's complaint is legally sufficient to state a claim for which relief may be granted. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014). A complaint is legally sufficient only if it contains factual allegations such that it states a claim to relief that "is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where the well-pleaded facts permit the court to infer merely the possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief. *Id.* at 679.

In assessing a claim's plausibility, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Brokers' Choice*, 757 F.3d at 1165. The Court is not bound, however, to accept an allegation as true when it amounts to no more than a legal conclusion masquerading as fact. *Iqbal*, 556 U.S. at 678.

The Court is mindful that Mr. Ramer proceeds pro se. While pro se pleadings must be liberally construed and held to less stringent standards than pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *United States v. Pinson*, 584 F.3d 972, 975

(10th Cir. 2009); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

## III.    Discussion

Mr. Ramer's complaint can be reduced to three basic claims: a federal claim for age discrimination, and two state claims—one for wrongful termination and another for defamation. (Doc. 1 at 2). Because the federal claim serves as the foundation for the Court's exercise of jurisdiction, the Court begins its analysis there.

### A.    Age Discrimination

The Age Discrimination in Employment Act ("ADEA") provides that it shall be unlawful for an employer to "discharge . . . or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, *because of such individual's age.*" 29 U.S.C. § 623 (emphasis added). To succeed on an ADEA claim, a plaintiff must ultimately prove that age was the "but for" cause of the adverse employment action. *Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1277 (10th Cir. 2010). The ADEA, like other anti-discrimination statutes, requires the plaintiff to prove that his protected characteristic (age) was the determining factor leading to the adverse employment decision, even if other factors may have also played a role. *See id*. at 1277–78.

A plaintiff may prove the requisite discriminatory motivation directly or indirectly (i.e. through circumstantial evidence). Direct evidence is evidence that, if believed, proves without inference or presumption that unlawful discrimination motivated the employment decision. *Steele*

*v. Kroenke Sports Enters., L.L.C.*, 264 Fed. Appx. 735, 744–45 (10th Cir. 2008); *Hall v. United States Dep't of Labor,* 476 F.3d 847, 854 (10th Cir. 2007). Direct evidence of discrimination exists, for example, when a discriminatory policy resulted in the adverse employment decision or when a decision maker's statements establish that his actions against the plaintiff were driven by the plaintiff's membership in the relevant protected class. *See Ramsey v. Denver*, 907 F.2d 1004, 1008 (10th Cir. 1990); *Heim v. Utah*, 8 F.3d 1541, 1546–47 (10th Cir. 1993).

Where a plaintiff seeks to prove discriminatory intent through circumstantial evidence, courts apply the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this framework, if a plaintiff establishes a prima facie case of discrimination, a presumption of discrimination arises and the burden shifts to the defendant to produce a legitimate, nondiscriminatory reason for its decision. *Miller v. Eby Realty Grp. LLC*, 396 F.3d 1105, 1111 (10th Cir. 2005). In order to make out a prima facie case, a plaintiff must show (1) that he is a member of a protected class, (2) that he suffered an adverse employment action, and (3) that the challenged action occurred under circumstances giving rise to an inference of discrimination. *Bennett v. Windstream Commc'ns., Inc.*, 792 F.3d 1261, 1266 (10th Cir. 2015). The circumstances necessary to satisfy the third element vary depending on the nature of the adverse employment action and the kind of discrimination alleged. Where a plaintiff claims he was terminated because of his age, he must show that, despite performing his job satisfactorily, he was fired and replaced by a younger person. *Miller*, 396 F.3d at 1111. If the plaintiff was not replaced (i.e., the employer discharged him as part of a reduction in force or "RIF"), the plaintiff may establish the inference by showing that the employer, in carrying out the RIF, treated him less favorably than similarly situated younger employees. *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192–93 (10th Cir. 2006).

However, "[t]he prima facie case under *McDonnell Douglas . . .* is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). Even after *Twombly* and *Iqbal*, the Rule 12(b)(6) standard does not require a plaintiff to establish a prima facie case for discrimination in his complaint. *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). He is only required to set forth a plausible claim for relief. *Id.* All the same, the elements of a prima facie case remain a useful tool for evaluating the plausibility of a plaintiff's discrimination claim. *Id.* The purpose of the prima facie case is to establish an initial inference of unlawful discrimination warranting a presumption of liability in plaintiff's favor. *Adamson v. Multi Cmty. Diversified Servs.*, 514 F.3d 1136, 1146 (10th Cir. 2008). "In the absence of facts tending to establish this initial inference, plaintiff is not entitled to the presumption of discrimination and a defendant is not required to defend against the charge." *Id.* Thus, although a plaintiff need not plead facts establishing a prima facie case, he must plead some facts that support an inference of discrimination.

Mr. Ramer's complaint neither alleges direct evidence of discrimination nor makes out a prima facie case for discrimination. There is no doubt that Mr. Ramer, who was fired at age 57, was within the class protected by the ADEA, which applies to "individuals who are at least 40 years of age." 29 U.S.C. § 631(a). And termination is certainly an adverse employment action. Mr. Ramer's complaint, however, fails to allege facts showing that his firing took place under circumstances giving rise to an inference of discrimination.

On one hand, Mr. Ramer alleges facts sufficient to conclude that he was performing his job satisfactorily, even if the complaint does not state this conclusion in so many words. He describes working long hours in difficult conditions and despite serious injuries, and he earned two pay raises over the course of his employment with Air Comfort. (Doc. 1 at 2). Moreover, he denies harassing

customers,[2] the stated reason for his firing, and he had never been the subject of a customer complaint prior to his termination. (Doc. 1 at 2, 4). On the other hand, however, Mr. Ramer does not allege that he was replaced by a younger employee or that he was fired as part of a RIF while younger workers kept their jobs. In his Response, Mr. Ramer stated his intention to amend his complaint to include an allegation that he was replaced by a younger person, (*See* Doc. 13 at 4), but he has so failed to do so. And, although Mr. Ramer astutely points out that Air Comfort *might* have fired him because of his age and simply chosen not to replace him out of financial concerns, (Doc. 13 at 4), he does not claim this to be the case or allege facts pointing to that conclusion. Because he has alleged no facts to indicate that he was treated differently than similarly situated younger employees, his complaint fails to make out a prima facie case.

Mr. Ramer also fails to plead any other facts that would support an inference of discrimination. As a result, he has failed to state a plausible claim under the ADEA. *See Khalik*, 671 F.3d. at 1193–94. Setting aside the complaint's conclusory accusations, the Court is left with the following well-pleaded allegations relevant to his age-discrimination claim: (1) starting in 2013, Air Comfort began to have financial trouble, (Doc. 1 at 2); (2) in an effort to improve revenue, Air Comfort began to overcharge customers and pressured Mr. Ramer to participate, (*id.* at 3 n.1); (3) he refused, (*id.*); (4) in June 2015, he underwent hip surgery, resulting in a substantial claim under Air Comfort's group health insurance plan, (*id* at 3, 7); (5) on September 10, 2015, he returned to work (*id.* at 9); (6) on October 8, 2015, Air Comfort's management called him in for a

---

[2] Defendants' Reply (Doc. 17) outlines the alleged customer complaints in detail, but a proper Rule 12(b)(6) challenge is limited to the allegations within the four corners of the complaint, and well-pleaded allegations must be taken as true. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). Facts presented to the court outside the pleading are not to be considered when evaluating a motion to dismiss. *Id.* If indeed Defendants can prove the customer complaints that they allege in their motion, they will likely prevail on summary judgment. The Court, however, will not consider facts alleged in support of their potential defense at this stage.

meeting and told him that he was being terminated due to complaints that he sexually harassed female customers, (*id.* at 7); (7) he did not sexually harass anyone, (*id.* at 4); and (8) although he asked to see documentation of the complaints, management refused to provide him with any, (*id.* at 7).

These allegations, which the Court takes as true, give rise to a reasonable inference that Air Comfort's stated reason for firing him was pretextual, but they do not support an inference that Air Comfort's true reason for firing him was his age. It may be true that an older employee's healthcare costs are generally higher than a younger employee's, but Mr. Ramer offers no facts to suggest that Air Comfort engaged in a campaign to purge its insurance rolls of older employees. On the contrary, he accuses Air Comfort of firing him because he *personally* had recently made a significant claim on the company's health insurance. If it did, then cost, not age, was the deciding factor in his termination. Mr. Ramer's alternative explanation, that Air Comfort fired him because he refused to bilk customers, is similarly flawed. The ADEA prohibits firing employees because of their age, not their honesty.

In short, Mr. Ramer has failed to allege any facts that suggest a causal nexus between his age and his termination. In the absence of facts from which it may be inferred that he was fired *because of his age*, he has not stated a plausible claim for age discrimination.

### B.     Supplemental Jurisdiction

The Court need not address Mr. Ramer's state law claims at this time. There does not appear to be diversity of citizenship between the parties, so, to the extent that the Court has jurisdiction to hear state law claims, it is because they share a common nucleus of operative fact with Mr. Ramer's federal age discrimination claim, thereby permitting the Court to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a). *See Pettigrew v. Oklahoma ex rel. Okla. Dep't of Pub.*

*Safety*, 722 F.3d 1209, 1213 (10th Cir. 2013). Supplemental jurisdiction, however, is discretionary. A court may decline to hear a claim when all claims over which it has original jurisdiction have been dismissed. § 1367(c)(3). Where the action has not advanced beyond the initial stages, dismissal of pendant state law claims is appropriate. *See Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1138–39 (10th Cir. 2004) (dismissing state law claims after granting summary judgment for defendant on federal claims). Because this order dismisses the only claim over which the Court has independent subject matter jurisdiction and the litigation remains in its nascent stages, the Court hereby declines to exercise supplemental jurisdiction over Mr. Ramer's state law claims.

## IV.     Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is hereby **granted**. Plaintiff is, however, granted leave to file an amended complaint in an attempt to cure the deficiencies described above. Any amended complaint shall be filed within fourteen days of this order. If Plaintiff fails to file an amended complaint, a judgment of dismissal will be entered.

SO ORDERED this 23rd day of September, 2019.

_____
JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT